### THOMAS STORY v. MARY A. LAMB.

#### *Negotiability.*

An instrument promising to pay a stated sum, with interest, "on or before two years after date," but providing that if it be paid within one year no interest shall be paid, is not a promissory note, as it lacks certainty in time and amount. And as it is not negotiable it can only be transferred by assignment, and though the payee may perhaps assign it by indorsing it he does not thereby make himself liable for the amount to be paid.

Error to St. Clair. (Stevens, J.)    Jan. 25.—Jan. 29.

ASSUMPSIT.    Defendant brings error.    Reversed.

*Wright & McCall* for appellant.

*Stevenson & Phillips* for appellee.

SHERWOOD, J.   In March, 1878, the defendant in this case obtained a horse of the plaintiff, and gave him in exchange therefor, beside a twenty-five dollar note endorsed by his father, the following contract, viz:

"$150.                    COLUMBUS, July 18th, 1877.

On or before two years after date we promise to pay to John A. Lamb, or order, the sum of one hundred and fifty dollars, value received, with ten per cent. interest, and current rate of exchange or express charges. This note is given for the purchase of the instrument below, which instrument is to remain the property of John A. Lamb until this note is paid in full, it being optional with said John A. Lamb upon default of payment, to take possession of said instrument, or to collect the note by process of law, and in case he shall take such instrument, said John A. Lamb shall not be liable to refund any money heretofore paid by the purchaser thereof, and said instrument shall not be removed from the township of Columbus without the consent of said John A. Lamb.              DANIEL HICKEY.
                                         SARAH HICKEY.

Style 16th, No. 52704, organ. Payable at Wales, Michigan. If this note is paid within one year no interest to be paid.

[Endorsed on back]
          Pay to Thomas Story          JOHN A. LAMB."

After Story had the note about two weeks he met the defendant at township meeting and obtained the endorsement of the defendant's name as it appears above. When the money became due upon the contract, Story brought suit against Lamb in assumpsit to recover the balance due upon the contract, filing his declaration upon the common counts. The defendant pleaded the general issue and gave notice that he would show his endorsement was made several days after the sale and delivery of the contract to the plaintiff.

The parties were both sworn in the case, and each testified as to the circumstances and conversation that occurred between them when the defendant's name was obtained upon the note.

The plaintiff states he told the defendant the note was not good as he had represented, and said to him he must endorse it or plaintiff would have his horse back, and that defendant thereupon made the endorsement of his name upon the note as above shown. On the contrary, the defendant testifies that plaintiff came to him and asked him to endorse his name upon the note for the reason plaintiff

could not collect or sue upon it until he did so because it was payable to defendant's order, and that was the reason why he endorsed the instrument.

The cause was first tried at the circuit in March, 1880, when the plaintiff had judgment, and on appeal to this Court it was held that the contract sued upon is not a negotiable promissory note; and that it is competent for the defendant to show the circumstances under which he placed his name on the back of the instrument; that the instrument is a peculiar one. It was given for the purchase price of an organ, which had been and was by its terms to remain the property of Lamb, and he had authority to retake possession of the same and retain what had been paid thereon, or collect the so-called note, at his option, in case of failure to perform, and this right he did not in terms assign to Story. The judgment at the circuit court was reversed and a new trial ordered. 45 Mich. 488. That trial has been had, and the case is again before us.

Since the first trial plaintiff has amended his declaration by adding to the common counts a count upon the endorsement; and the second trial was had upon the theory that defendant was liable as endorser. Judgment was again obtained against the defendant, and the case is now before us for review.

The case as now presented requires a construction of the instrument, and of the legal effect of the endorsement made by the defendant thereon, and this may be very briefly given.

The instrument is not, under the authorities in this State nor under the elementary authorities, a promissory note, either negotiable or non-negotiable, and is not therefore subject to the rules governing commercial paper. It lacks the required elements of certainty in time and amount of payment. See this case in 45 Mich. 488; *Fralick v. Norton* 2 Mich. 130; *Brooks v. Hargreaves* 21 Mich. 254; 2 Bl. Com. 467; Bayley on Bills 1; Edw. Bills & Notes 141; Smith on Merc. Law 253; Story on Prom. Notes 1; 1 Pars. Notes & Bills 35, 37.

The so-called note being no more than a simple contract, not a note, and without negotiability, could only be transferred by assignment; and the endorsement "pay to Thomas Story" on the contract, does no more than transfer the right to recover the money payable on the instrument, and the right to sue therefor, to Story. It is not an unusual way of transferring such claims, but such endorsement imports no legal liability on the part of the endorser to pay the amount of the claim in case of failure by the debtor. This would be giving the endorsement the character, and subjecting the maker of it to the liability, of the endorser of commercial paper. The amended declaration counts upon such liability, and it cannot be sustained by the facts. The circuit judge submitted the case to the jury upon the theory that the defendant might be held under the contract of endorsement, but the ruling was erroneous. The error is radical.

There is no count in the declaration against the defendant as guarantor of the paper, and if there was it is difficult to see how it could be supported under the circumstances as they appear upon the record.

We can see no ground upon which the judgment can be sustained. It must be reversed and a new trial granted.

The other Justices concurred.