MERCHANTS' NATIONAL BANK v. GREGG.

NON-NEGOTIABLE NOTE—ASSIGNMENT.
    The indorsement and delivery of a non-negotiable note by
    the payee operates as an assignment of the note.

Error to Bay; Maxwell, J. Submitted November 6, 1895. Decided November 19, 1895.

*Assumpsit* by the Merchants' National Bank of Battle Creek against John A. Gregg on a "railroad aid" note. From a judgment for plaintiff upon verdict directed by the court, defendant brings error. Affirmed.

*Simonson, Gillett & Courtright,* for appellant.

*T. A. E. & J. C. Weadock,* for appellee.

GRANT, J. This suit is brought upon a railroad aid note, which is as follows:

"$50.        WEST BAY CITY, MICH., August 15, 1888.
"For the purpose of promoting and aiding the construction of the Battle Creek & Bay City Railroad, and in consideration of the benefits to be derived therefrom, I do hereby promise and agree to pay to the order of Geo. H. Young, trustee, the sum of fifty dollars, payable when the road is constructed and the cars are running thereon from Midland to West Bay City, Michigan.
                              "JOHN A. GREGG."

The declaration contained a special count setting forth the note or contract, and alleging that it was sold, assigned, transferred, and delivered to the plaintiff, and indorsed in writing as follows: "Without recourse. George H. Young, as Trustee." The declaration further alleged the fulfillment of the conditions in the note or contract. The defendant pleaded the general issue, with notice of special defense. The sole point now presented is that this is not negotiable paper, and that the indorsement by Young, accompanied by delivery to the plaintiff, does not operate as an assignment. It is conceded that the instrument was not a promissory note with all the privileges of commercial paper. Defendant relies upon the following authorities: *Conrad Seipp Brewing Co.* v. *McKittrick,* 86 Mich. 191; *Story* v. *Lamb,* 52 Mich. 525; *Altman* v. *Fowler,* 70 Mich. 57.

In *Conrad Seipp Brewing Co.* v. *McKittrick* the suit was brought by the payee against the maker of the note. No question of assignment was involved, the sole contention being that 2 How. Stat. § 7346, did not authorize a declaration upon the money counts alone.

In *Story* v. *Lamb* suit was brought against the indorsee of an instrument which was held not to be a promissory note. It was held that the indorsement of such a contract by the defendant, Lamb, did "no more than transfer the right to recover the money payable on the instrument, and the right to sue therefor, to Story." It was

further said: "It is not an unusual way of transferring such claims, but such indorsement imports no legal liability on the part of the indorser to pay the amount of the claim in case of failure by the debtor."

In *Altman* v. *Fowler* no assignment of the instrument was alleged in the declaration. It was sued upon as a negotiable promissory note. It was held not to be such, and therefore it was necessary to allege the assignment in the declaration. It is there said: "The recovery must be had, if at all, under the count for goods sold and delivered, and the assignment should be a transfer of this claim against defendant, and does not pass by an assignment of the note."

Neither of these cases decides the question now presented. The record does not show the terms of Mr. Young's trusteeship. We may fairly infer, however, that he was chosen as the trustee to hold the note until the railroad company had complied with its conditions, upon which he should transfer the note to the party entitled to it. The natural and usual way to transfer such an instrument is by indorsing and delivering it. An equitable assignment can be made without any deed or writing, by any words or acts showing a clear intention to assign. Clark, Cont. 533; 1 Am. & Eng. Enc. Law, 834. Under 2 How. Stat. § 7344, a parol assignment, good in equity, is equally good at law. *Draper* v. *Fletcher*, 26 Mich. 154. We think the indorsement and the delivery constituted an assignment, and the court properly directed a verdict for plaintiff.

Judgment affirmed.

The other Justices concurred.