## JOSSEY v. RUSHIN.

A payee of a non-negotiable paper does not become liable thereon as an indorser merely by writing his name on the back of it, but proof may be made of the actual agreement under which the indorsement was made. If the agreement was that he should be responsible for its payment, such agreement, if for a sufficient consideration, may be enforced.

Submitted November 1, — Decided November 30, 1899.

Petition for certiorari. Before Judge Butt. Marion superior court. August 11, 1899.

*Simeon Blue*, for plaintiff.

SIMMONS, C. J. It appears from the record that Rushin, the sheriff of Marion county, obtained an order from the judge of the superior court on the county treasurer, for his insolvent costs in certain cases tried in that court. It further appears that he sold this order to Jossey for eighty-five per cent. of the face value thereof. Jossey presented the order to the county treasurer on two different occasions, who refused to pay it for the want of funds. Jossey brought suit against Rushin in the county court of said county, and alleged in his petition "that it was understood and agreed verbally at the time of said indorsement that said Rushin was and is liable for the aforesaid sum, with interest." It was also alleged that at the time of the indorsement there were no funds in the county treasury, nor had there been up to the time of the filing of the suit. Rushin filed a demurrer to the petition, upon the several grounds mentioned therein, which are not necessary to be here set out. This demurrer was sustained by the county judge. Whereupon plaintiff presented a petition to the superior court of said county, for a certiorari, alleging as error the sustaining of the demurrer by the county judge. The court refused to sanction the petition, and he excepts and brings the case here for review.

The law seems to be well settled, that if a payee of a non-negotiable instrument merely writes his name on the back thereof, he is not liable as indorser thereon. It seems also to be well settled by the weight of authority, that if he induces the transferee to purchase such non-negotiable instrument, and transfers or indorses the same to the transferee by writing his name

thereon in blank, and receives valuable consideration therefor, the transferee may recover of him the amount which the instrument calls for, or, at least, the amount which the transferee paid him therefor. Shaffstall v. McDaniel, 152 Pa. St. 598, s. c. 25 N. W. Rep. 576; Cromwell v. Hewlitt, 100 Am. Dec. 527 ; Frevall v. Fitch, 34 Am. Dec. 558; 4 Am. & Eng. Enc. L. (2d ed.) 480. We think, therefore, that if Jossey can establish, at the trial before the jury, to their satisfaction, the fact alleged in his petition, he would be entitled to recover. If, upon the other hand, Rushin can prove to the satisfaction of the jury that he made no such promise, but only wrote his name on the back of the order for the purpose of assigning the title to Jossey to enable him to collect it out of the county treasurer, he would be entitled to a verdict. We think that it is a question of fact for the jury ; and inasmuch as Rushin admitted the allegation in the petition that he agreed to pay it, the judge of the county court erred in sustaining the demurrer, and the judge of the superior court erred in not sanctioning the petition for certiorari.

*Judgment reversed. All the Justices concurring.*