BARGER *v.* FARNHAM.

130  487|
147 10379|

1. NOTE—CONSIDERATION—SETTLEMENT OF CLAIM.

Plaintiff agreed to sell certain notions for defendant under a contract by the terms of which he paid defendant a large sum of money, and was entitled to reimbursement if he should so elect after 90 days from the date of the contract. *Held,* that the settlement and surrender of his claim for reimbursement before the expiration of the 90 days was a sufficient consideration for a note.

2. SAME—DURESS—THREATENED PROSECUTION.

Such note is not void for duress because of the fact that plaintiff, two weeks before the note was executed, while defendant was in prison on a charge of conspiracy, threatened to give information to the district attorney, and also go into

another State and have defendant indicted by the grand jury; it appearing that plaintiff left with defendant's refusal to settle the claim.

3. SAME—EVIDENCE—ILLEGAL CONSIDERATION.

Evidence to show that a part of the consideration of a note was illegal cannot be admitted under a plea that the note was given "without any consideration whatever."

4. LAW OF ANOTHER STATE—DECISION OF COURT.

A decision of the supreme court of another State is admissible in evidence to prove the law of that State.

5. NOTE PAYABLE IN ANOTHER STATE—CONSTRUCTION.

A note made in one State, and payable in another, is governed by the laws of the latter in determining whether it is negotiable.

6. NEGOTIABLE NOTE—RULE IN WEST VIRGINIA.

In West Virginia a note not made payable at a bank is not negotiable, and indorsers thereon need not be served with notice of nonpayment.

7. SAME—INDORSER—JOINT MAKER—EVIDENCE.

Parol evidence is admissible to show that an indorser is a joint maker.

8. SAME—SUNDAY CONTRACT—DELIVERY.

A note signed on Sunday is not invalid if not delivered on that day.

9. SAME—LIABILITY OF INDORSER.

An indorser on a promissory note cannot be held liable without notice of nonpayment.

10. NONNEGOTIABLE NOTE—INDORSEMENT—LIABILITY.

The indorsement of a nonnegotiable note by the payee does not render him liable in case of nonpayment by the maker.

Error to Kent; Perkins, J. Submitted April 11, 1902. (Docket No. 90.) Decided May 8, 1902.

*Assumpsit* by Robert W. D. Barger against Frank H. Farnham, Zellner Dowling, George P. Dowling, and William C. Dowling on a promissory note. From a judgment for plaintiff on verdict directed by the court, defendants bring error. Reversed as to defendant Zellner Dowling, and affirmed as to the other defendants.

The following is a copy of the note sued on:

"250.00	PHILADELPHIA, June 1st, 1899.

"Six months after date I promise to pay to the order of Zellner Dowling two hundred and fifty dollars at Moundsville, West Virginia, without defalcation, for value received.	[Signed]	FRANK H. FARNHAM."

Indorsed on the back:

"ZELLNER DOWLING.
"WILLIAM C. DOWLING.
"GEORGE P. DOWLING."

*R. J. Cleland* (*Don E. Minor*, of counsel), for appellants.

*Boltwood & Boltwood*, for appellee.

HOOKER, C. J.	The defendants have appealed from an adverse judgment rendered in an action upon a promissory note.	They defended upon the ground that the note was obtained by duress and without consideration, and that it was executed by two of them upon the first day of the week, and not upon the day that it purports to have been executed.	The learned circuit judge was of the opinion that the case involved no controlling disputed question of fact, but turned upon a question of law, and therefore directed a verdict for the plaintiff.

The plaintiff said that he became the owner of the note on Tuesday, June 13, 1899, in ignorance of any claim that it was executed by any of the makers or indorsers upon Sunday, or that it was executed through duress or undue influence.	It was given in settlement of a claim made by the plaintiff against defendant Farnham; the Dowlings being sureties, and their names being written upon the back of the note before it was delivered to the plaintiff. The defenses set up in the plea were (1) want of consideration; (2) that the note was given under duress and fraud, and only after repeated threats of arrest and imprisonment of said defendants Frank H. Farnham and Zellner Dowling in an action brought against them by the

Commonwealth of Pennsylvania on the criminal charge of conspiracy; (3) that George and William Dowling executed the note on June 11, 1899,—the first day of the week,—and not on the day that the note purports to have been executed.

The plaintiff had made a contract in writing with Frank H. Farnham, by which he was made an agent to sell certain notions which Farnham professed to be dealing in, and paid Farnham a large sum of money on said contract. The arrangement did not prove satisfactory to the plaintiff, who claimed that Farnham had overreached him; and when, subsequently, he heard that Farnham had been arrested in Philadelphia, he went there, and saw him in jail, and urged a settlement. Farnham testified that plaintiff called upon him at the prison, and wanted him to settle the matter, and threatened to see the district attorney, and inform him of all that he knew about Farnham, in case he did not, with a view to putting said district attorney in possession of information which would aid in his prosecution of Farnham and Zellner Dowling, who was charged as a codefendant. This talk was two weeks before the execution of the note, and plaintiff left with Farnham's refusal to settle the claim, although plaintiff threatened to go before a grand jury in West Virginia, and get an indictment against Farnham, and have him extradited, and promised not to appear before the district attorney, and would see that no letters or papers were furnished him, if Farnham would sign the note.

The record does not clearly show the charge upon which Farnham was imprisoned, but enough appears to indicate that he and Zellner Dowling were arrested upon a charge of conspiracy. Dowling was released on bail, and both were interested in preventing the plaintiff from aiding the authorities in their prosecution. We agree with the circuit judge that the evidence clearly showed a liability to the plaintiff upon the contract; for it expressly gave him a right to reimbursement if he should so elect, and it is clear that he did so elect. It is said that this election was

premature, and it may be that he could not have enforced the contract right until after the expiration of 90 . days after the date of the contract; but, however that may be, the settlement of and surrender of his claim was ample consideration for the note. It cannot be said, therefore, that there was no consideration for the note; and it is evident that the note was not secured from Farnham and Dowling, or, in fact, any of the defendants, through duress. See *Beath* v. *Chapoton*, 115 Mich. 507 (73 N. W. 806, 69 Am. St. Rep. 589).

An argument is made in the brief that the note was void because a part of the consideration was to suppress a criminal prosecution, and to suppress evidence in a pending prosecution. Farnham's testimony tends to prove this. The plaintiff's counsel answer this by saying that the plea contains no notice of such a defense, and this is true. The plea alleges a want of consideration, but we have already seen that there was a valid consideration, in addition to which the defendants now claim that, as a further consideration, an illegal promise was made, which rendered the note void. The question appears not to have been raised by the pleadings, and is therefore not available. Cir. Ct. Rule No. 7c. See *Walbridge* v. *Tuller*, 125 Mich. 218 (84 N. W. 133). In the present case the plea gave no hint that counsel relied upon a claim that a portion of this consideration was illegal because it was a promise to suppress testimony, and it was not covered by the untrue allegation of the plea that it was given "without any consideration whatever."

William C. Dowling and George P. Dowling live in Michigan, and, at the solicitation of Farnham and Zellner Dowling, signed the note upon its back, as accommodation makers, and returned it to Farnham for delivery, according to an understanding between Farnham and Zellner Dowling and the plaintiff. The judge stated in his charge that Zellner Dowling was the last to put his name upon the note, after which it was delivered to the plaintiff. The court seems to have treated him as an indorser, and

the others as makers. The note was payable in West Virginia, and a decision of the supreme court of that State was admitted in evidence to show that, inasmuch as the note was not payable at a bank, it was not necessary that indorsers be served with notice of nonpayment, because the writing was not a negotiable instrument. This testimony was admissible, and a proper way of proving the law of a sister State, which was a necessary fact to be considered in the case. The learned circuit judge was justified in treating this paper as a West Virginia contract, it being payable there, under the general rule that "if, by the terms or nature of the contract, it appears that it was to be executed in another country [or State], then the place of making the contract becomes immaterial, and the law of the place where the contract is to be performed governs in determining the rights of the parties." 1 Beach, Cont. §§ 592, 593, and notes. The law of West Virginia determines the nature of this contract, and, construed in the light of it, this note is nonnegotiable.

Three of the defendants signed their names upon the back. These are irregular indorsements, and resort to parol evidence is permissible to determine the nature of their contract. See Tied. Com. Paper, § 272, and authorities cited. It is plain that two of them (William and George Dowling) are joint makers, and in this connection we may say that the fact that they signed the note upon Sunday, if it be a fact, does not invalidate the note; the evidence indicating that it was not delivered by them on that day. See *Id.* § 34*c*. Being makers, they are upon the same footing, as to right to notice, that Farnham is, irrespective of the provisions of the law of West Virginia shown in the case.

It appears to be admitted that Zellner Dowling is not a maker. He is the payee in the note, which is payable to his order, and is said to have signed it upon the back after it was made. Indeed, it is through this signature that the plaintiff derives his title, upon the face of the paper. This indorsement of Zellner Dowling was made in Phila-

delphia. Were this contract of indorsement to be governed by the law of Pennsylvania, which we must presume would treat the note as negotiable,—and we do not intend to so intimate,—he was entitled to notice of dishonor. If, on the other hand, it is to be treated as non-negotiable paper, his signature is of no further force than evidence of an assignment through which the plaintiff acquired title; and, in either view, the learned circuit judge was in error in directing a verdict against him. *Story* v. *Lamb*, 52 Mich. 525 (18 N. W. 248); *Merchants' Nat. Bank* v. *Gregg*, 107 Mich. 146 (64 N. W. 1052).

It follows that the judgment must be reversed, and a new trial ordered, as to Zellner Dowling, and affirmed as against the other defendants. See 3 Comp. Laws, § 10057.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.