PATEK *v.* CHICAGO & NORTHWESTERN RAILWAY CO.

1. BILLS AND NOTES — NONNEGOTIABLE DRAFT — TRANSFER OF TITLE.

   That a draft is nonnegotiable does not prevent a transfer of title thereto by indorsement and delivery for value.

2. GARNISHMENT—LIABILITY OF GARNISHEE—PAYMENT.

   Where before service of a garnishee summons the garnishee had delivered to the principal defendant a nonnegotiable draft for the amount due him, which he had transferred to a bank for value, there was no indebtedness on the part of the garnishee.

Error to Gogebic; Haire, J. Submitted January 18, 1907. (Docket No. 62.) Decided March 5, 1907.

Garnishment proceedings by Julius J. Patek against the Chicago & Northwestern Railway Company as garnishee of Felix Gresukewicz. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Julius J. Patek*, in pro. per.

*R. C. Flannigan*, for appellee.

CARPENTER, J. One Felix Gresukewicz—hereafter designated as Felix—was injured in 1902 while in defendant's employ. He employed plaintiff as his attorney and commenced suit to recover compensation in the circuit court for the county of Gogebic. After careful investigation, plaintiff decided that his client had no cause of action, and he thereupon discontinued the suit. It was subsequently agreed that defendant would pay Felix $300, provided the whole amount would go to him without deduction for attorney fees. This was assented to by plaintiff. There was a long delay, and Felix employed plaintiff to hasten the matter, agreeing to pay him the sum of

$50.   This agreement was never communicated to defendant or to its officers.

On the 24th day of March, 1904, a settlement was made between Felix and the defendant company, whereby Felix released his claim; and defendant's claim agent gave him a draft, payable to his order, for $300, drawn on defendant's second vice president, at Chicago, Ill.   This draft contained the words:

" Not valid unless paid by the second vice president on presentation at his office."

Felix at once took the draft to the bank of Ironwood, indorsed it, and obtained the money thereon.   In the meantime plaintiff had commenced suit against Felix before a justice of the peace for the county of Gogebic, and on the 28th day of March, after said draft had been cashed by the bank of Ironwood, but before its payment by defendant, caused a garnishee summons to be issued and served upon defendant.   Plaintiff subsequently obtained a judgment against Felix, and then sought the recovery against defendant, as garnishee aforesaid.   This issue reached the circuit court, and a verdict was directed in defendant's favor.

The controlling question is obviously this:   Was defendant indebted to Felix at the time the writ of garnishment was served?   Plaintiff insists that he was.   He contends that the draft, being nonnegotiable, the circumstance that it was indorsed to, and discounted by, the bank, had no effect upon the obligation of defendant to Felix; that it (defendant), continued liable precisely as if the draft had never been issued, indorsed, and discounted. To this contention we cannot agree.   The draft, though nonnegotiable, was accepted by Felix as conditional payment for his entire claim, and when he transferred that draft to the bank and received the cash, he no longer had any enforceable claim against defendant.   The nonnegotiability of the draft did not prevent the bank acquiring a title thereto by indorsement.   *Story* v. *Lamb*, 52 Mich.

525; *Merchants' Nat. Bank* v. *Gregg,* 107 Mich. 146; *Steere* v. *Trebilcock,* 108 Mich. 464; *Barger* v. *Farnham,* 130 Mich. 487.   *Altman* v. *Fowler,* 70 Mich. 57, relied upon by plaintiff, is not opposed to this decision. There it was said (and this statement was not necessary to the decision):

"It is clear that writing the name of the vendor across the back of the instrument in question could not be construed into an assignment of the contract with the defendant."

That case is unlike this.   It is clearly not an authority for the proposition denied in this opinion, viz., that, though one has transferred for full value a nonnegotiable draft accepted by him as conditional payment of a claim, he may continue to enforce that claim.

Judgment affirmed.

McALVAY, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.