## PATTEE PLOW COMPANY v. BEARD.

No. 575.     Opinion Filed September 13, 1910.

1. PLEADING—Waiver of Error in Sustaining Demurrer. When a demurrer is sustained to a pleading, and the pleader thereupon obtains leave to amend and does amend, he thereby waives the error, if any was committed, in sustaining the objection to his pleading.

2. GUARANTY—Transfer of Non-Negotiable Instruments. The payee of a non-negotiable instrument who writes his name across the back thereof and sells and delivers the same does not thereby render himself liable to the assignee on such note either as an indorser or guarantor.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; W. N. Maben, Judge.*

Action by the Pattee Plow Company against H. G. Beard. Judgment for defendant, and plaintiff appeals. Affirmed.

*Biggers & Lydick* and *Warren K. Snyder,* for plaintiff in error.—Citing: Daniel, Negotiable Instruments, sec. 1757; *Perkins v. Cottin,* 11 Conn. 213; *Cromwell v. Hewitt,* 40 N. Y. 491; *Prentiss v. Danielson* (Conn.) 13 Am. Dec. 52; *Hall v. Monohan*

(Iowa) 71 Am. Dec. 404; *Willis v. French* (Maine) 30 Am. St. Rep. 416; *Banks v. Spales* (W. Va). 56 Am. Dec. 828; *Machett v. Anderson* (Ind.) 64 N. E. 229; *Shaffstall v. McDaniel*, 152 Pa. St. 598; *Sutton v. Owen*, 65 N. C. 123; *Wilson v. Black*, 6 Blackf. 509 (Ind.); *Bean v. Briggs* (Iowa) 63 Am. Dec. 464.

*B. B. Blakeney* and *J. H. Maxey*, for defendant in error. —Citing: 7 Cyc. 673; *Smith v. Myers*, 207 Ill. 126; *Low v. Bliss*, 24 Ill. 168; *Kendall v. Parker*, 103 Cal. 319; *American National Bank v. Sprague*, 14 R. I. 410; *Smith Sons' Gin & Machine Co. v. Badham*, 81 S. C. 63; *Gerard v. LaCoste*, 1 Am. Lead. Cas., 302; *Barry v. Wachosky*, 57 Neb. 534; *DeHass v. Difert*, 70 Fed. 227; *Fear v. Dunlap*, 1 Greene (Iowa) 331; *Lamb v. Storey*, 45 Mich. 488; *Haber v. Brown*, 101 Cal. 445; *Frevall v. Fitch*, 5 Whart. (Pa.) 325; *Jossey v. Rushin*, 106 Ga. 319; *First Nat. Bank of San Diego v. Falkenham*, 94 Cal. 141; *Kirkpatrick v. McCullough*, 3 Humphrey (Tenn.) 171; *South Bend Iron Works v. Paddock*, 37 Kan. 510; *Smurr v. Forman*, 1 Ohio, 272; *Chaddock v. Van Ess*, 35 N. J. 517; *Third Natl. Bank of Baltimore v. Lange*, 51 Md. 138; Tiedman, Commercial Paper, sec. 258; *Pratt v. Thomas*, 2 Hill (S. C.) 654; *Brown v. Hull*, 33 Grat. (Va.) 23.

HAYES, J.   Plaintiff in error, hereinafter referred to as plaintiff, brought this action in the court below against defendant in error, hereinafter referred to as defendant, to recover on an alleged written contract of guaranty whereby defendant guaranteed the payment of two certain notes executed by C. C. Marsh and Seymore S. Price on the 17th day of June, 1899, to defendant, payable nine and twelve months, respectively, after date. On the 10th day of February, 1900, defendant, for a valuable consideration, to wit, in payment of an antecedent debt due by him to plaintiff, transferred the notes to plaintiff and wrote his name in blank upon the backs thereof.   Defendant denies the execution of any written contract of guaranty and pleads the statute of limitation.   A demurrer to plaintiff's evidence was sustained by the court and judgment rendered in favor of de-

fendant.  An objection was sustained by the court to the introduction of any testimony by plaintiff under his original petition. Of this action of the court plaintiff complains in one of his assignments, but it cannot be reviewed.  The refusal of the court to permit defendant to introduce evidence was equivalent to sustaining a demurrer to the petition.  Plaintiff afterwards obtained leave to file, and did file, a first and a second amended petition, under which last petition the cause was tried.  When a demurrer is sustained to a pleading and the pleader thereupon obtains leave to amend, and does amend, he thereby waives the error, if any was committed, in sustaining the objection to his pleading. *Board of County Commissioners v. Beauchamp,* 18 Okla. 1; *Carle v. Okla. Woolen Mills et al.,* 16 Okla. 516; *Morrill v. Casper et al.,* 13 Okla. 335; *Berry et al. v. Barton et al.,* 12 Okla. 221.

The facts in this case present for our consideration what is the legal effect of a blank endorsement of a payee upon a non-negotiable instrument.  Upon this question both the text writers and decided cases are in irreconcilable conflict.  Many of the cases that reach the same conclusion do so upon different reasoning.  In Wood's Byles on Bills & Notes, at page 246, it is said:

"But if, nevertheless, the payee do indorse a bill not negotiable, he is liable on his indorsement to this indorsee.  For every indorser of a bill is in the nature of a new drawer."

In vol. 1, Daniel on Negotiable Instruments, paragraph 664, it is said:

"If a note be non-negotiable, because payable to a certain person only, should he indorse it, it will be binding upon him; and his liability to his immediate indorsee will be the same as upon the indorsement of a negotiable note; but the principle is not extended to subsequent indorsees."

In Randolph on Commercial Paper, the rule is stated as follows:

"The indorser of a non-negotiable note or bill is liable to his immediate indorsee, as in the case of negotiable paper.  The indorsee may sue the indorser in his own name, even though the indorsement was in blank and after maturity."

Vol. 27—16

But in Amer. & Eng. Encyc. of Law, vol. 4, p. 479, it is said:

"It is held accordingly in a majority of the states that the indorsement or assignment of a non-negotiable instrument is merely a transfer of its legal and equitable title, and carries with it no guaranty of its payment, though if the assignor makes his assignment in a form from which an intention to guarantee the payment of the instrument may be inferred, or induces the assignee to take it by an agreement to that effect, he may be held upon his implied or express promise."

We think the last foregoing statement states the rule that is supported by the better reasoning, and by at least the weight of modern authorities from the state courts, if not by the weight of the earlier cases from the state courts. There can be no indorsement in the strict legal and commercial sense of that term on a note not negotiable or any other instrument of writing, except negotiable paper, unless he who indorses his name upon the non-negotiable instruments undertakes by his written or oral agreement to become responsible as an indorser. Daniel on Negotiable Instruments, par. 709. Non-negotiable instruments do not fall within the pale of the law merchant; and the law, therefore, writes no contract over a blank indorsement on a non-negotiable instrument as it does over a blank indorsement on a negotiable instrument.

Discussing the two lines of cases upon this question, in *Iron Works v. Paddock,* 37 Kan. 510, it is said:

"We are inclined to the latter view, that the indorsement of a name upon a non-negotiable note simply transfers the title of a party, and does not make him liable as if said note were a negotiable instrument. (Citing authorities.) Such party guarantees the note to be genuine, and that it is what it purports to be; nothing more. He does not guarantee its payment, though he might do this, but to do so would take a contract either expressed in the indorsement or by an independent contract between the parties."

*Story v. Lamb,* 52 Mich. 525, was an action by the indorsee against the payee upon his blank indorsement of a non-negotiable

instrument.   Speaking of the effect of such indorsement, the court
said:

"The so-called note being no more than a simple contract,
not a note, and without negotiability, could only be transferred by
assignment; and the endorsement 'Pay to Thomas Story,' on the
contract, does no more than transfer the right to recover the money
payable on the instrument, and the right to sue therefore, to Story.
It is not an unusual way of transferring such claims, but such
endorsement imports no legal liability on the part of the en-
dorser to pay the amount of the claim in case of failure by the
debtor."

The rule in this case has been uniformly followed in that
state.   *Barger v. Farnham,* 130 Mich. 487; *Merchants' National*
*Bank v. Gregg,* 107 Mich. 146.   Other cases supporting this rule
are:   *Barry v. Wachosky,* 57 Neb. 534; *Jossey v. Rushin,* 109 Ga.
319; *Shaffstall v. McDaniel,* 152 Penn. St. 598; *Smith v. First*
*State Bank of Tyler,* 95 Minn. 496.

The decisions of the courts in some of those states in which
the contrary rule now prevails, or has at one time prevailed, are
influenced by statutory provisions.   Such is indicated by the court
in *Kendall v. Parker,* 103 Cal. 319, to have been the condition
in that state prior to the time of the decision in that case, where-
in it was held that, independent of statute law, there is no cus-
tom or rule of law which can add a conditional guaranty of pay-
ment to the assignment in blank of a non-negotiable note.   In
Hare and Wallace's note to the case of *Gerard v. LaCosta,* 1 Am.
Lead. Cas. 302, after a thorough review of the authorities, the
rule is stated as follows:

"The true rule seems to be that a mere endorsement of a
non-negotiable note is but a transfer of it; that the question
whether any, and what, liability is incurred by the delivery of
such a note, so endorsed, will depend upon the intention of the
parties and the circumstances of the transaction."

The notes involved in this case are made payable to the
order of the payee.   They provide for interest and attorney's fees,
contingent upon their being placed into the hands of an attorney
for collection, if not paid when due.   The provision for attorney's

fees renders them non-negotiable. *Clowers et al. v. Snowden et al.,* 21 Okla. 476; *Cotton v. John Deere Plow Co.,* 14 Okla. 605. Since the notes were payable to order, in order for the payee to transfer his legal and equitable title thereto, it was necessary for him to indorse same. The reasonable presumption as to what was intended by his indorsement, in the absence of evidence showing a different intention, is that he intended to do only that which was necessary to transfer the title to his assignee; and the indorsement, standing alone, incurs no liability against him.

Plaintiff, in his last amended petition, declared, upon both a parol agreement and a written contract of defendant to guarantee the payment of the notes; but, upon motion of defendant, plaintiff was required to elect upon which contract it would stand, and it elected the written contract. There is no evidence to show that defendant agreed by any written contract at the time of the assignment of the note that he would pay the notes if the makers thereof failed to do so; nor does the evidence establish a parol agreement to that effect. There is in the record considerable correspondence that occurred between plaintiff and defendant relative to plaintiff's bringing suit against the makers of the notes. In this correspondence there is solicitation on the part of plaintiff for assistance from the defendant in collection of the notes, and suggestions on the part of defendant as to proceedings to be taken to collect them. But in none of the correspondence, except as hereinafter mentioned, is any reference made to defendant's being liable thereon, or any agreement by him to guarantee the payment of same. In one of the letters from plaintiff to defendant, plaintiff demanded payment of the notes by defendant. In answer thereto, defendant stated that he did not think that the notes had been taken with his indorsement, but if it was the other way, he would try to take them up some time after the first of the year. This letter does not create a contract of guaranty; it was merely a statement on the part of defendant that it was his remembrance that he had not contracted to pay the notes, but

that if he had, he would undertake to carry out his contract at the time mentioned in his letter.

There are other propositions discussed in the briefs, but since it must follow from the conclusion reached on the proposition already discussed that the judgment of the trial court must be affirmed, it is unnecessary to discuss the other matters noticed in the briefs.

The judgment of the trial court is affirmed.

All the Justices concur.