## STEELE v. HUDSON.

No. 1369.   Opinion Filed December 12, 1911.

(120 Pac. 616.)

1. **BILLS AND NOTES—Non-negotiable Note—Indorsement.** One who writes his name across the back of a non-negotiable note does not thereby render himself liable to the assignee as an indorser or guarantor, unless, in addition, he undertakes to become liable, either by written or oral agreement; and a petition alleging that such a person indorsed the note, with intent to become liable thereon as an indorser, states a cause of action.

2. **VENUE—Privilege of Defendant—Codefendants.** When the maker of such a note is sued in a county in which such indorser resides, but in which the maker does not reside, and where such indorser makes no defense, but permits judgment by default to be taken against him, it is not error for the court to overrule a motion by the maker of the note to set aside the service upon him, because he is not a resident of the county, and was not served therein.

(Syllabus by Ames, C.)

*Error from Pawnee County Court; H. T. Conley, Judge.*

Action by Frank Hudson against A. F. Steele, H. C. Hanna, Arkansas Valley & Western Railway Company, and Arkansas Valley Town-Site Company to recover on a non-negotiable note executed by the plaintiff in error to the Arkansas Valley & Western Railway Company. Judgment for plaintiff, and defendant Steele brings error. Affirmed.

*Sturgis, Moore & Manatt,* for plaintiff in error.

*Eagleton & Biddison,* for defendant in error.

Opinion by AMES, C. This action was instituted in the county court of Pawnee county by the defendant in error, as plaintiff, against the plaintiff in error and others, as defendants, upon the following note:

"$25.00   No. 75.   Enid, O. T. August 4, 1902.   For value received, and in consideration of the benefits accruing to me from the construction of the Arkansas Valley & Western Railway over the route as now located by the permanent survey, I promise to pay to the order of the Arkansas Valley & Western Railway Co., at the Bank of Enid, Enid, O. T., the sum of $25. Said amount to be due and payable when the said line of railroad is constructed, and when trains are running into the city of Enid, Oklahoma. If the road is not constructed and trains running into the city of Enid on or before December 1, 1903, this note shall be null and void.   A. F. Steele."

Indorsements on back: "Arkansas Valley & Western Railway, by C. G. Jones, Pres. The Arkansas Valley Town-Site Co., by C. G. Jones, Pres. H. C. Hanna."

The petition alleged that the railway company, town-site company, and Hanna had indorsed said note in good faith and for valuable consideration, and delivered the same to the plaintiff, "and each of said indorsers indorsed said note with intent to become liable thereon as indorsers thereof, and as guarantors of the same." The plaintiff in error appeared specially, and filed a motion to quash the summons and to dismiss the cause for want of jurisdiction, alleging that he "is the only real defendant in said action, and is a resident of the county of Garfield, in said state, and the pretended service of summons is made upon him in said Garfield county." This was overruled, and a demurrer was then

filed, on the ground that "the court has no jurisdiction of the subject-matter of this action against this defendant; it appearing upon the face of the petition that no cause of action is stated against any other defendant in said action; and it appearing from the service of the summons in said action that this defendant was served in Garfield county." This demurrer was overruled, and the plaintiff in error made no further defense. Judgment was thereupon rendered against him and against all the other defendants for the amount sued for.

The contention of the plaintiff in error is that the note sued on is a non-negotiable instrument; that the indorsements on the back thereof did not bind the indorsers to pay the note to the holder thereof; that therefore the indorsers were not suable, and, as the jurisdiction of the county court of Pawnee county depended upon the right of the plaintiff to sue the indorsers, who were residents of that county, that therefore, they not being suable, the court did not acquire jurisdiction over him. It is conceded that the note is non-negotiable, but it is urged that, notwithstanding that fact, the indorsers are liable. As a general proposition, the question is settled by the case of *Pattee Plow Co. v. Beard,* 27 Okla. 239, 110 Pac. 752, not cited by counsel for either side. In that case the court held:

"The payee of a non-negotiable instrument, who writes his name across the back thereof, and seals and delivers the same, does not thereby render himself liable to the assignee on such note, either as an indorser or guarantor."

But in the case at bar we do not believe that principle of law is decisive, because here the petition contains an express averment that "each of said indorsers indorsed said note with intent to become liable thereon as indorsers thereof, and as guarantors of the same." Mr. Justice Hayes, in delivering the opinion in *Pattee Plow Co. v. Beard, supra,* said:

"There can be no indorsement, in the strict legal and commercial sense of that term, on a note, not negotiable, or any other instrument of writing, except negotiable paper, unless he who indorses his name upon the non-negotiable instrument undertakes, by his written or oral agreement, to become responsible as an indorser."

The allegation of the petition comes fairly within this rule, and as the indorsers made no defense, as judgment by default was taken against them, as well as against the plaintiff in error, and as there was no showing of collusion between the plaintiff and the indorsers, we do not think the court erred in overruling the motion and demurrer of the plaintiff in error, and the judgment, therefore, should be affirmed.

By the Court:   It is so ordered.

All the Justices concur.