## McEWEN v. BLACK *et al.*

No. 4052.   Opinion Filed January 26, 1915.

(146 Pac. 37.)

1.  **BILLS AND NOTES—Negotiability—Provision for Attorney's Fees.** A promissory note executed and delivered July 15, 1908, providing that, if the note be placed in the hands of an attorney, the makers thereof would pay an attorney's fee and all other cost of collection, is a nonnegotiable instrument.

2.    **SAME—Nonnegotiable Note—Indorsement in Blank—Liability.**
Where the payee indorses in blank a nonnegotiable note and
delivers the same to the assignee, he does not thereby become
liable to such assignee as an indorser or guarantor.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Creek County;*

*Warren H. Brown, Judge.*

Action by E. C. McEwen against W. H. Black, W. C. Black,
and J. M. Morgan. Judgment for defendant Morgan, and plain-
tiff brings error. Affirmed.

*Wm. L. Cheatham,* for plaintiff in error.

*P. P. Hillerman, J. H. Liman,* and *S. D. Decker,* for de-
fendants in error.

Opinion by RITTENHOUSE, C. The note sued on in this
action was executed July 15, 1908, and indorsed in blank by the
assignee before maturity. It contained a clause that, if the note
was placed in the hands of an attorney, the makers thereof
would pay attorneys' fees and all other costs for collection. Plain-
tiff prayed for judgment against the makers of the note and the
indorser, J. M. Morgan, in the sum of $295, with interest and
$25 attorneys' fees.

At the time this note was executed and delivered, section
3593 of Wilson's Rev. & Ann. St. 1903, was in force. This
section provides that a negotiable instrument must be made pay-
able in money only and without any condition not certain of
fulfillment. The note sued on in this action, which contained
the stipulation that, if the note was placed in the hands of an at-
torney, the makers thereof would pay attorneys' fees and all
other costs of collection, is a nonnegotiable note.

It was said in *Clowers v. Snowden,* 21 Okla. 476, 96 Pac
596:

"A promissory note, providing, 'If collected by an attorney,
a fee of $10 to be charged,' is nonnegotiable."

In the case of *Cotton et ux. v. John Deere Plow Co.*, 14 Okla. 605, 78 Pac. 321, it is said:

"A promissory note which contains the following stipulation in relation to attorneys' fee, to wit, 'It is stipulated by the par ties to this note that in event the same is collected by an attorney, or by any proceedings at law, an attorney's fee consisting of $10 and 10 per cent of the amount so collected shall be paid by the makers hereof to the holder of the same,' destroys the negotiable character of the instrument, and thereby makes it nonnegotiable."

See *Randolph v. Hudson*, 12 Okla. 516, 74 Pac. 946; *Adams v. Seaman*, 82 Cal. 636, 23 Pac. 53, 7 L. R. A. 224; *Findlay v. Pott*, 131 Cal. 385, 63 Pac. 694.

The plaintiff procured this note from J. M. Morgan, who indorsed the same in blank, and plaintiff contends that, by reason of such indorsement, the defendant Morgan became liable for the amount due on the note. One who, as payee of a nonnegotiable instrument, writes his name across the back of such instrument, and thereby transfers the title to the assignee, is not liable to the assignee as an indorser or guarantor. It is said in the case of *South Bend Iron Works v. Paddock*, 37 Kan. 510, 15 Pac. 574:

"That the indorsement of a name on a nonnegotiable note simply transfers the title of a party, and does not make him liable as if said note were a negotiable instrument. Such party guarantees the note to be genuine, and that it is what it purports to be; nothing more. He does not guarantee its payment, though he might do this; but to do so would take a contract either expressed in the indorsement or by an independent contract between the parties."

See *Barger v. Farnham*, 130 Mich. 487, 90 N. W. 281; *Merchants' National Bank v. Gregg*, 107 Mich. 146, 64 N. W. 1052; *Steele v. Hudson*, 30 Okla. 518, 120 Pac. 616.

In the case of *Pattee Plow Co. v. Beard*, 27 Okla. 239, 110 Pac. 752, Ann. Cas. 1912B, 704, this question was before the court, and Justice Hayes, in writing the opinion, held:

"But in 4 Amer. & Eng. Encyc. of Law, p. 479, it is said: 'It is held accordingly in a majority of the states that the indorsement or assignment of a nonnegotiable instrument is merely a transfer of its legal and equitable title, and carries with it no guaranty of its payment, though if the assignor makes his assignment in a form from which an intention to guarantee the payment of the instrument may be inferred, or induces the assignee to take it by an agreement to that effect, he may be held upon his implied or express promise.' We think the last foregoing statement states the rule that is supported by the better reasoning, and by at least the weight of modern authorities from the state courts, if not by the weight of the earlier cases from the state courts. There can be no indorsement in the strict legal and commercial sense of that term on a note not negotiable or any other instrument of writing, except negotiable paper, unless he who indorses his name upon the nonnegotiable instruments undertakes by his written or oral agreement to become responsible as an indorser. Daniel on Negotiable Instruments, par. 709. Nonnegotiable instruments do not fall within the pale of the law merchant; and the law, therefore, writes no contract over a blank indorsement on a nonnegotiable instrument as it does over a blank indorsement on a negotiable instrument."

The defendant Morgan incurred no liability by reason of the indorsement in blank. By such indorsement, he merely transferred the title to his assignee. No attempt was made to show that he undertook to assume any other responsibility than that of guaranteeing the note to be genuine, and that it was what it purported to be on its face. The reasonable presumption as to the intention of the indorser by indorsing such a note in blank, in the absence of evidence showing a different intention, is that he intended to do only that which was necessary to transfer the title to his assignee.

There are numerous other questions presented by the brief of plaintiff in error relating to the introduction of evidence and instructions given and refused; but, inasmuch as we have held that there is no liability on the part of the assignor, it is unnecessary to discuss the remaining questions.

The cause should therefore be affirmed.

By the Court: It is so ordered.