No. 27,055.

RAYMOND F. FOLEY, Receiver of The American State Bank, *Appellant,* v. JOHN HARDY, *Appellee.*

### SYLLABUS BY THE COURT.

1. BILLS AND NOTES—*Negotiability.* An instrument in the following form is nonnegotiable:

> "$2500.00                    LITTLE RIVER, KANSAS, March 31, 1920.
> "Six months after date I promise to pay myself $2500.00 Twenty-five Hundred Dollars, for value received, with interest 6% per annum.
> 50c canceled revenue stamps.                    JOHN HARDY.
> "Indorsed: John Hardy."

2. SAME—*Negotiability—Effect of Indorsement in Blank.* An instrument in the form of a promissory note, which is nonnegotiable because it does not contain words of negotiation, is not rendered negotiable by an indorsement in blank by the payee.

Appeal from Rice district court; RAY H. BEALS, judge. Opinion filed February 12, 1927. Affirmed.

*Charles H. Brooks, Willard Brooks, Howard T. Fleeson,* all of Wichita, *H. W. Arant,* of Lawrence, and *W. W. Stahl,* of Lyons, for the appellant.

*Ben Jones,* of Lyons, and *D. A. Banta,* of Great Bend, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action by one claiming to be a holder in due course upon two instruments which are alike and which read as follows:

> "$2500.00.                    LITTLE RIVER, KANSAS, March 31, 1920.
> "Six months after date I promise to pay myself $2500.00 Twenty-five Hundred Dollars, for value received, with interest at 6% per annum.
> 50c canceled revenue stamps.                    JOHN HARDY.
> "Indorsed: John Hardy."

The defense was that the instruments were executed by fraud and were without consideration. The case was tried to the court upon an agreed statement of facts to the effect, (1) that the two instruments were obtained from defendant by the false and fraudulent pretense of one Bushnell, and were without consideration, and (2) if the instruments sued upon are negotiable instruments plaintiff is entitled to recover; if they are not negotiable instruments defendant is entitled to recover. The court rendered judgment for defendant, and plaintiff has appealed.

Bills and Notes, 8 C. J. pp. 47 n. 64, 48 n. 73, 114 n. 33, 152 n. 8, 153 n. 23, 25; 42 A. L. R. 1067; 3 R. C. L. pp. 840, 876.

Foley v. Hardy.

The case was here (*Foley v. Hardy,* 119 Kan. 183, 237 Pac. 925; 42 A. L. R. 1064) upon a demurrer to the petition. There the question of the negotiability of the instruments was not before us. It was held that the petition stated a cause of action, without regard to whether the instruments were negotiable, or nonnegotiable. An instrument is not void for the sole reason that it contains no words of negotiation; it may still be a valid instrument and be declared on as such. (8 C. J. 153.)

On this appeal the sole question before us is whether the instruments are negotiable instruments. It will be noted that the instruments do not contain words of negotiation; that is, they are not made payable to the order of the payee or to bearer, nor do they contain any words of similar import. Our statute provides:

"An instrument to be negotiable must conform to the following requirements: . . . (4) must be payable to order or to bearer. . . . (R. S. 52-201.)

"The instrument is payable to order where it is drawn payable to the order of a specified person or to him or his order." (R. S. 52-208.)

The legislature has authority to declare what instruments shall be negotiable and what instruments shall not be negotiable. (*Farmers Sav. Bank v. Neel,* 193 Ia. 685.) Our legislature has adopted what is commonly known as a uniform negotiable instruments law. Substantially the same statute has been enacted in each of the other states of the union. Whether a particular note is negotiable is to be determined by consulting the negotiable instruments law. In 8 C. J. 114, it is said:

"In order to determine whether an instrument is negotiable in those states which have adopted the negotiable instruments law, it is necessary to refer to the provisions thereof, since it expressly provides that the only instruments that are negotiable are those complying with the requirements of such act."

And at page 153:

"The negotiable instruments law provides that an instrument, in order to be negotiable, must be payable to order or to bearer. . . . Under this statute a note payable to a person named, without any added words, is not negotiable."

See, also: (*King Cattle Co. v. Joseph,* 158 Minn. 481; *Whatley v. Muscogee Bank,* 197 Ala. 402; *Rottman v. Hevener,* 54 Cal. App. 485; *Johnson v. Lassiter,* 155 N. C. 47; *Gilley v. Harrell,* 118 Tenn. 115; *Aamoth v. Hunter,* 33 N. D. 582; *Montvale v. People's Bank,* 74 N. J. L. 464.)

The negotiable instruments law was adopted for the purpose of establishing uniformity in the law pertaining to negotiable instruments. (*First State Bank of Nortonville v. Williams,* 164 Ky. 143.) The purpose of the law, among others, is to establish definite rules by which persons dealing in bills and notes may, by examining an instrument, know whether or not it is a negotiable instrument. Perhaps some of the rules respecting negotiable instruments are arbitrary (*Killam v. Schoeps,* 26 Kan. 310), but they should be followed, for, to hold otherwise, would make the law of no force.

An instrument, to be negotiable, need not follow the exact language of the statute, but any terms are sufficient which clearly indicate an intention to conform to the requirements of the statute. (R. S. 52-210; *Quast v. Rugglet,* 72 Wash. 609.) These instruments not only are not made payable to order or to bearer, but they contain no other words or terms which indicate either clearly, or with lack of clearness, an intention to conform to the requirements of the statute.

Appellant discusses the reasons for the several statutory requirements of negotiability from which the conclusion is reached that there is no valid reason for the statutory provision that an instrument to be negotiable "must be payable to order or to bearer" (R. S. 52-201), or contain other language of similar import (R. S. 52-210). It is not necessary to analyze this discussion. It was to avoid discussions, or controversies over reasons for negotiability, which sometimes reached one conclusion and sometimes another, that it was deemed wise to designate by statute the provisions which must be contained in an instrument in order for it to be negotiable. One now may ignore theoretical discussions of reasons for negotiability, and look to the statutory provisions. If the instrument conforms to the statutory requirements of a negotiable instrument it is negotiable; if it does not do so it is not negotiable. The only reason which need be given for the conclusion reached is that the statute so provides. It is sufficient that the law is so written: *Ita lex scripta est.* (*In re Rolfs, Petitioner,* 30 Kan. 758, 762, 1 Pac. 523.)

Appellant cites R. S. 52-209:

"The instrument is payable to bearer . . . . (5) when the only or last indorsement is an indorsement in blank."

And argues that since defendant indorsed these instruments in blank, *i. e.,* by simply signing his name on the back of them, the

Foley v. Hardy.

instruments became payable to bearer. This argument is not sound. The word "instrument" as used in the statute quoted (R. S. 52-209) means negotiable instrument (R. S. 52-102). It has no application to nonnegotiable instruments. (*Johnson v. Lassiter,* supra; *Wettlaufer v. Baxter,* &c., 137 Ky. 362.) To hold that an instrument, which is nonnegotiable because of the lack of words of negotiation, may be made negotiable by the blank indorsement of the payee, would render nugatory the mandatory provisions of the statute (R. S. 52-201) that an instrument to be negotiable "must be payable to order or to bearer." A nonnegotiable instrument is not rendered negotiable by a blank indorsement. The effect of the indorsement of a nonnegotiable instrument is to transfer the title—it does not create the statutory contract of an indorser provided by the negotiable instruments law. (*Newer v. First Nat. Bank of Harlem,* 74 Mont. 549; *Jossey v. Rushin,* 109 Ga. 319; *Shelley v. Baker,* 125 Ga. 663; *Barger v. Farnham,* 130 Mich. 487; *Dollar v. International Banking Corp.,* 13 Cal. App. 331; *Allison v. Hollembeak,* 138 Iowa 479; *McEwen v. Black et al.,* 44 Okla. 644; *Bright v. Offield,* 81 Wash. 442.)

Our statute recognizes "myself" notes in this way:

". . . When a note is drawn to the maker's own order, it is not complete until indorsed by him." (R. S. 52-1701.)

And such a note, when completed by the indorsement of the maker, becomes in effect a negotiable note payable to bearer. (*Leach v. Urschel,* 112 Kan. 629, syl. ¶ 5, 212 Pac. 111.)

But these instruments were not drawn "to the maker's own order"; they were drawn to the maker. Hence they do not come within this provision of the negotiable instruments law.

The annotation in 42 A. L. R. 1067-1071 accords with the conclusion here reached.

The judgment of the court below is affirmed.