## GOODWIN et al. v. SCRUGGS.

No. 20723. Opinion Filed Jan. 19, 1932.

Rehearing Denied March 29, 1932.

Charles A. Chandler and B. C. Franklin, for plaintiffs in error.

C. B. Rockwood and J. P. Evers, for defendant in error.

HEFNER, J. This is an action brought in the court of common pleas of Tulsa county by L. J. Scruggs against S. D. Hooker & Company, a common-law trust, S. D. Hooker, James T. A. West, J. H. Goodwin, and S. P. Jones to recover on a promissory note. The note is nonnegotiable. It was executed by S. D. Hooker, as president of S. D. Hooker & Company, and was indorsed on the back by S. D. Hooker, J. H. Goodwin, James T. A. West, and S. P. Jones, individually. The case was dismissed as to S. D. Hooker & Company and went to trial as to the individual defendants.

These defendants filed separate demurrers to the petition and motions for judgment on the pleadings. The original petition alleged that these defendants became liable by virtue of their indorsements on the back of the note. Upon the filing of these demurrers and motions, plaintiff, by leave of court, amended his petition by alleging that it was understood by the parties when the indorsements were made that these indorsers were to be liable as makers. Upon the filing of this amended petition, the trial court overruled the demurrers and motions. Defendants then moved to strike the amended petition on the ground that the same constituted a departure. This motion was by the court overruled on the 2nd day of January, 1929, and the cause continued until the 5th day of January, at which time judgment was rendered in favor of the plaintiff in the absence of defendants.

Defendants first contend that the court erred in overruling their demurrers and motions for judgment on the pleading. Their contention is based on the fact that the note was nonnegotiable and that no liability could attach to them as indorsers thereon without an allegation that they contracted to become liable at the time they indorsed the note, and in support thereof rely on the following cases: Pattee Plow Co. v. Beard, 27 Okla. 239, 110 P. 752; Steels v. Hudson, 30 Okla. 518, 120 P. 616; McEwen v. Black, 44 Okla. 644, 146 P. 37. These cases hold that the indorsement of a nonnegotiable note by the payee thereof does not render him liable as an indorser; that the indorsements simply operate to transfer the title. These cases have no application to the question here involved.

The rule is that a stranger to the instrument indorsing a nonnegotiable note may become liable thereon as a maker. In vol. 3, R. C. L., page 1126, the following rule is announced:

"If it is shown by the evidence that the signer put his name on the back of the note at the time it was made, as surety for the maker and for his accommodation, to give him credit with the payee, or if he participated in the consideration for which

the note was given, the measure of his liability to the payee is the same as that of a joint maker of the note. * * *"

Plaintiff, in his amended petition, alleges that it was understood by and between the parties at the time defendants indorsed the note that they were to become liable as makers. Under this allegation, defendants were not entitled to judgment on the pleadings and the petition was good as against a general demurrer. There was, therefore, no error in overruling defendants' motions and demurrers.

The defendants also filed motions to strike the amended petition on the ground that the same constituted a departure. There was no departure, and the court did not err in this respect.

Defendants also contend that the evidence was insufficient to support the judgment. The execution of the notes was not denied by the defendants. The evidence shows that the plaintiff refused to make the loan unless the note was indorsed by the defendants. This evidence supports the allegation of the amended petition and is sufficient to support the judgment.

Defendants also discuss the question of the variance between the allegations and the proof. Plaintiff, in his evidence, referred to defendant S. D. Hooker & Company as the Hooker Dry Goods Company. This, it is contended, constitutes a variance. There is no merit in this contention. The note was before the court at the time it entered judgment, and the mere fact that plaintiff inadvertently referred to the defendant as Hooker Dry Goods Company cannot be said to constitute a variance.

Some time after the judgment was rendered, but at the same term of court, defendant filed separate motions to vacate the judgment. The motions are based upon the ground that the petition and amended petition failed to state a cause of action and that judgment was improperly entered because the amended petition was filed while their motion for judgment on the pleadings was pending and because of other irregularities appearing at the trial. The motion was by the court denied.

Having held that the court did not err in overruling these motions, it necessarily follows that there was no error in denying the motions to vacate the judgment on these grounds.

The other irregularity complained of is that the judgment was entered in the absence of defendants. They failed to show any reason for their absence. No effort is made to show that they were unavoidably absent. The court did not, therefore, err in denying the motion on this ground. It has been repeatedly held that motions of this character are addressed to the sound discretion of the court and that its ruling thereon will not be reversed in the absence of a showing of an abuse of discretion. No abuse of discretion is shown.

Judgment is affirmed.

CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY, J., absent.