# Wilson et al. v. Hillman et al.

February 6, 1948.

A. W. Mann, Special Judge.

J. D. Atkinson for appellants.

John F. Coldiron for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Union Grocery Company, a corporation, operated a wholesale grocery business in the city of Greenup, Kentucky, which it conducted a number of years prior to May 12, 1928. On that day a meeting of all of its stockholders voted to dissolve and reorganize. At the same time, and in the same resolution, it appointed three of its stockholders as trustees to wind up the business of the corporation and liquidate its affairs preparatory to a reorganization, but whether or not it was ever reorganized does not appear in the record.

Upon examination of the books by the appointed trustees they discovered an open account against the appellee, W. H. Hillman, amounting to $626.64. He failed to pay it but the reason therefor is not disclosed in the record. Later on and following February 19, 1931, Hillman tendered in settlement of his account a note bearing the latter date payable 12 months after date to himself and which he, himself, signed as a mak-

·er, with George and William Martin, one of whom is now dead, and the other is a nonresident of the state. The note was payable to "the order of W. H. Hillman" and thereby became a negotiable note under our negotiable instruments statute, which is Chapter 356, page 2694 of KRS, since it was payable to *the order* of the payee, which is expressly so provided by subsection (4) of section 356.001 of the same statute. The trustees agreed to accept the note in full satisfaction of the open account of appellee, and defendant, W. H. Hillman, whereupon he delivered it to the trustees without endorsing it.

This action was filed by the trustees in the Greenup circuit court on March 5, 1946, against the signers of the note referred to seeking to recover the amount thereof with interest from date. The two Martins whose names appear upon the note as makers thereof were never served nor brought before the court, and the action was prosecuted against Hillman alone.

The regular judge of the court, for some reason, did not sit in the trial of the case and a special judge was duly designated to try it. Defendant filed a special demurrer to the petition on the ground that the grocery company should be made a party plaintiff, which the special judge sustained. Whereupon it filed its intervening pleading asking to be made a party plaintiff which was sustained by the court and summons was issued and served upon Hillman on that intervening pleading.

Defendant filed a general demurrer to the petition as amended by the intervening one of the grocery company which the court sustained, and upon plaintiffs' failure to plead further the petition was dismissed, from which they prosecute this appeal.

Section 184 of the negotiable instruments act, now section 356.184, KRS, says:

"A negotiable promissory note within the meaning of this chapter is an unconditional promise in writing made by one person to another, signed by the maker engaging to pay on demand or at a fixed or determinable future time, a sum certain in money to order or to bearer. Where a note is drawn to the maker's own order, it is not complete until endorsed by him."

Three requisites to the completion of a negotiable note are, (1) that there must be an unconditional promise in writing, (2) that the instrument must be made by one party as maker to *another,* and, (3) that "where a note is drawn to the maker's own order, it is not complete until endorsed by him."

The text in 7 A. J. 807, sec. 33, says:

"An instrument payable to the maker's own order first takes effect as a contract upon its endorsement and delivery by the maker to the first taker. The endorsement of the maker's name on the back of the instrument, and its delivery in that form to another for value, are essential parts of the execution of the instrument."

That text is supported by the Supreme Court of the United States in the case of Moses v. National Bank, 149 U. S. 298, 13 S. Ct. 900, 37 L. Ed. 743.

Section 371.070, contained in Chapter 371, KRS, prescribes:

"If a nonnegotiable promissory note is made by the obligor payable to himself or to his order, and is signed on the back by the obligor, and then delivered, the signature and delivery shall constitute a promise to pay the face of the note at maturity to the party to whom the note is delivered, and that party may fill up the blank with words of promise, and recover on it as if he had been named as payee in the note. Such notes shall be assignable as are other promissory notes."

It will therefore be seen that KRS 356.184 refers to the completion of liability of the maker on a note *payable to himself* when the note is a *negotiable* one, whilst section 371.070 makes similar provision with reference to the creation of the liability of the maker under the same circumstances, when the note is a *nonnegotiable* one. Therefore it would seem to inevitably follow that the mere delivery of the note of February 19, 1931, by defendant to the trustees of the grocery company without endorsing it created no liability against him to the transferee, since until endorsement (which was its condition when delivered) was only a promise to pay himself the amount of the note; but by his endorsement he would transfer that promise to the transferee

with the right of the latter to so indicate in writing above the name of the endorser.

The Supreme Court of Kansas in the case of Foley v. Hardy, 122 Kan. 616, 253 P. 238, 50 A. L. R. 422, thoroughly considered the question here involved and reached the conclusion that a note so executed and transfered without endorsement created no liability against the transferor. It based its opinion on the same language of that state's negotiable instruments act corresponding verbatim with our section 356.184 of KRS, saying: "Where a note is drawn to the maker's own order, it is not complete until endorsed by him."

The principle is analogous to that of a check drawn by the maker payable to himself which he does not endorse, when the bank on which it is drawn is without authority to pay to the transferee without the endorsement of the drawer, since until then the transferee to whom it may be delivered without endorsement acquires no title or right to collect the amount of the check unless it is endorsed by the drawer.

We therefore conclude that the court properly sustained defendant's demurrer to the petition as so modified and amended in the manner stated. We are not now called upon to determine plaintiffs' right of recovery on the account of defendant further than to say that the attempted settlement being without consideration did not relieve defendant's obligation to pay it, in the absence of some other defense recognized by law.

Wherefore, the judgment is affirmed.