HENRY FOX v. FRANK CIPRA *et al.*
No. 150.

1. PROMISSORY NOTE—*contract of assignment and guaranty indorsed on, not commercial indorsement.* A contract indorsed on the back of a note as follows: "For value received, the State Savings Association hereby assigns this bond to Henry Fox, or order, and guarantees, first, the principal payment of the coupons hereto attached; second, the collection of the principal of the within bond. In witness whereof, the State Savings Association has signed and delivered these presents, by its vice-president, this thirty-first day of May, 1886," is an assignment of the cause of action in said note expressed, and is not an indorsement within the meaning of the commercial law.

2. ——— *so assigned, payment to original payee, without notice of assignment, good defense.* The payment of such note and the mortgage to the original payee, without notice of such assignment, is a good defense to an action thereon by the assignee.

3. EVIDENCE—*course of dealing between principal and agent respecting subject of action competent to prove that relation.* In an action to foreclose a note and mortgage, upon an issue of payment to an agent, it is competent to show the details of the transactions between the alleged agent and the principal respecting the subject of the action.

Error from Ellsworth District Court. Hon. W. G. Eastland, Judge. Opinion filed March 22, 1897. *Affirmed.*

The plaintiff, Henry Fox, began this suit in the District Court of Ellsworth County, upon a note and mortgage given by the defendants, Frank Cipra and Anna Cipra, his wife. Henry Gay was made a party defendant upon the ground that he claimed a lien upon the mortgaged premises. The State Savings Association of Ellsworth, Kan., was made a party defendant, as guarantor of the note upon which suit was brought. The note was made by the defendant Cipra, May 1, 1896, for twelve hundred dollars, payable to the order of the State Savings Association of Ells-

worth, Kan. Interest was payable semi-annually, at the rate of seven per cent., for which ten coupons of forty-two dollars each were attached to the principal note. The mortgage was upon farm land in Ellsworth County. This note was assigned by the State ·Savings Association to the plaintiff on the thirty-first day of May, 1896, by the following contract of assignment indorsed thereon, to wit :

"For value received, the State Savings Association hereby assigns this bond to Henry Fox, or order, and guarantees, first, the principal payment of the coupons hereto attached ; second, the collection of the principal of the within bond. In witness whereof, the State Savings Association has signed and delivered these presents, by its vice-president, this thirty-first day of May, 1896. W. F. TOMPKINS."

The defendants, Frank and Anna Cipra, answered, denying generally the allegations of the petition, and pleading payment of the note at maturity ; to which latter the plaintiff replied by general denial.

The defendant, Henry Gay, answered : *First,* by a general denial ; *second,* by a plea of payment by the defendants Cipra ; *third,* by alleging that on the twenty-second day of April, 1891, the defendants Cipra, in consideration of a loan made by the defendant, Henry Gay, to them, made and delivered to Gay their two certain promissory notes of six hundred dollars each, due May 1, 1896, and a mortgage to secure the same, upon the same premises. To this answer the plaintiff replied by general denial. At the February term, 1893, of the Ellsworth County District Court, the case was tried before the court and a jury and resulted in a verdict, for the defendants, generally. The jury at the same time returned certain special findings.

The State Savings Association was engaged in securing loans from farmers in the vicinity of Ellsworth,

Kan., and forwarding the same to Bunnell & Scranton, New Haven, Conn., for sale. Bunnell & Scranton were brokers of securities, and bankers. When the State Savings Association took this mortgage from Frank and Anna Cipra, they forwarded the papers to Bunnell & Scranton in the usual course of business, with the indorsement written out on the back of the note and duly signed by the secretary, and with the name of the assignee left in blank. Upon receipt of this set of papers by Bunnell & Scranton, they affixed to the face of each coupon and the principal note itself their stamp, saying, in effect, that this note was payable at the office of Bunnell & Scranton, in New Haven, Conn. The plaintiff, Fox, resided at all times in New Haven, and was a patron of the bank of Bunnell & Scranton, as well as of Bunnell & Scranton, loan brokers, and had a small account in the bank of Bunnell & Scranton at all times during the transactions in controversy. But it appears from the evidence that none of the moneys arising from the payment of these securities, either the interest or principal, were ever credited to the plaintiff in the bank of Bunnell & Scranton. Bunnell & Scranton sold the note and mortgage in controversy, as well as a great many others, to the plaintiff, Henry Fox, filling out the assignment by the insertion of his name therein before delivery. Bunnell & Scranton stamped these securities for the express purpose of preventing makers from paying at the place designated in the note itself as the place of payment, and of directing payment to be made at their office instead. Through the assistance of the State Savings Association, they collected the interest and principal upon the notes so placed by them for the State Savings Association. When the principal note became due and payable, the

defendants Cipra made a new loan through their co-defendant, Henry Gay, and by their direction Henry Gay forwarded the money to the State Savings Association at Ellsworth, in payment of this note. The State Savings Association forwarded the money, upon its receipt, to Bunnell & Scranton, who immediately notified the plaintiff of the receipt thereof; but the plaintiff, being in the country at his country place for the summer, failed to call for several days, and, during the interim, Bunnell & Scranton made an assignment for the benefit of their creditors. It does not appear that the plaintiff ever made any effort to reclaim this money which was held by the assignee, doubtless, as a trust fund, but, upon learning the condition of affairs, he gave the note and mortgage to Bunnell & Scranton to be forwarded for the purpose of bringing this suit.

*C. N. Sterry*, and *Edwin A. Austin*, for plaintiff in error.

*Burch & Burch*, for defendants in error.

MAHAN, P. J. The assignments of error are as follows : *First*, in the admission and exclusion of evidence ; *second*, in the giving and refusal of instructions ; *third*, in overruling the motion of the plaintiff for judgment on the special findings ; *fourth*, in overruling the motion of the plaintiff for a new trial. The plaintiff further claims that the special findings of fact are inconsistent with each other and unsupported by the evidence, and that the court erred in rendering judgment for the defendants on the evidence, verdict and special findings.

Inasmuch as some of the contentions are based upon the assumption that this note in the hands of the plaintiff, Fox, was commercial paper, and that

316       FOX v. CIPRA.

N. Dept.       Opinion.   Mahan, P. J.       5 Kan. App.

he was an indorsee thereof for value, it is as well to say at this time that we hold that the paper in the hands of the plaintiff, Henry Fox, was a mere chose in action; that he did not hold it as an indorsee, but as an assignee only. It is contended on behalf of the defendants that the note itself, by its very terms, is rendered non-negotiable, and, indeed, they are sustained by some authorities; but in our view of the case it is not necessary to determine whether the note was in form negotiable or not.

*1. Contract of assignment, not indorsement.*

During the course of the trial it was contended in support of the allegation of payment, and there was an effort upon the part of the defendants to prove, that Bunnell & Scranton were the agents of the plaintiff for the purpose of collecting principal and interest on these investments, and there was also an effort to show that the State Savings Association was the agent selected by Bunnell & Scranton to transact the business with respect to these investments in Kansas; and the usual course of dealings between Bunnell & Scranton and the plaintiff with respect thereto, and the usual course of dealings between Bunnell & Scranton and the State Savings Association with respect to like investments as the one in controversy, were competent to go to the jury in support of these contentions of agency.

*3. Course of dealing between principal and agent competent, when.*

The second contention under the first assignment of error is in relation to a question asked a witness, Rowland, who was a bookkeeper for Bunnell & Scranton during the time of the existence of the note in controversy, and had knowledge with respect to the payments and the business transactions of Bunnell & Scranton and the plaintiff. The examination

immediately preceding the question and answer objected to, was in relation to one of the coupons of this loan.   The witness's attention was called to the stamp of Bunnell & Scranton on the coupon, which was as follows : " Payable at the office of Bunnell & Scranton.''   He was asked to state if he knew by whom the stamp was put on, and he said he did not.   He was asked if he knew that such a stamp was kept in the office, and he said he did.   He was asked to state what he knew about the use of that stamp ; he stated that it was to show to the customer that notes were payable at the office of Bunnell & Scranton, and to prevent the coupons being sent on to the place named in the body of them for payment.   He was then asked to state whether or not funds were received from the State Savings Association, of Ellsworth, to pay that particular coupon ; he answered that he could not say, that he did not know. He was asked if he could tell by an examination of the books of Bunnell & Scranton ; he answered that he could, and, upon examination of the books, he answered, " Yes, the amount was received from the State Savings Association to pay this coupon.''   He was then asked what was done with the money so received, and he answered that it was deposited in the New Haven County Bank to the credit of Bunnell & Scranton, and credited on their books to " Farm Loan Coupons.''   He was then asked to state if the money was ultimately paid to the plaintiff, and he answered that he supposed that the plaintiff finally received it. Now there was and is no contention with regard to the plaintiff Fox having received the proceeds of these coupons ; and, while it may be said that the supposition of the witness was not material or competent, yet, it being in regard to a matter about which there was

no contention at any time, its admission cannot be held to be prejudicial error upon which to base a motion for a new trial or a judgment of reversal.

The next contention is as follows : In the cross-examination of this witness he was asked by plaintiff's counsel if there was any book account kept with the Cipras, and he said, '' No.'' He was asked if Bunnell & Scranton kept their account with the State Savings Association, and he answered, '' Yes.'' The question then asked is, simply, '' The original owner or owners of the mortgages? '' and the witness says, '' I presume they were the owners of the mortgages.'' '' All dealings were with them exclusively? '' And the answer is, '' They were.'' To this an objection was made and sustained. The question called for the conclusion of the witness and not for a fact, and the objection was properly sustained.

It is not necessary to further occupy space in going through the various contentions in regard to the admission of evidence, because we can discover nothing in them that could possibly prejudice the rights of the plaintiff in the case, as assignee of the note.

The contention of counsel under the second assignment of error is, that the court refused to give an instruction asked by the plaintiff, in the form in which it was asked. The court did give the instruction, and the instruction the court gave was a complete embodiment of the law, although not in the exact language in which it was asked. In the first place, this instruction was applicable only to cases involving commercial paper properly, and was inapplicable to the facts in this case for the reasons hereinbefore stated. In the second place, it assumed a condition of facts which was not contended for by the defend-

ants. Had the court declined to give the instruction in any form, there would have been no error.

The third assignment is likewise untenable.

While the direct question is not submitted by either side to the jury, whether the Cipras had any knowledge of the assignment of the note and mortgage by the State Savings Association to the plaintiff, there are a number of special findings that ask as much.

*E. g.:* "3. Did not the defendant, Frank Cipra, deliver money to the State Savings Association for the purpose of having the said State Savings Association send the same to Bunnell & Scranton to pay the interest coupons attached to the note in the suit? A. No.

"4. When Frank Cipra, defendant, desired to make interest payments did he not deliver the money to the State Savings Association to be forwarded to the holder of said note and mortgage? A. No."

"6. When Frank Cipra made his several interest payments did he not know that the same had to be forwarded to some holder of his note and mortgage other than the State Savings Association? A. No."

"12. After the loan was negotiated [referring to the Gay loan] did not the said State Savings Association on behalf of the Cipras forward about $1,202 to Bunnell & Scranton to pay the note upon which suit is brought? A. No; on behalf of the State Savings Association."

"14. Did not Cipra direct the State Savings Association to forward the several sums of money, to it delivered for the purpose of paying the interest and principal of the note upon which suit is brought? A. No."

"22. Was the State Savings Association the agent of the Cipras in forwarding the interest payments upon the note sued upon? A. No.

"23. Was the State Savings Association the agent of the Cipras in forwarding to Bunnell & Scranton the $1202 to be applied as a payment on the note sued upon? A. No."

320　　　Fox v. Cipra.

N. Dept.　　　Opinion.　Mahan, P. J.　　　5 Kan. App.

"29. Did not the defendant, Frank Cipra, understand that the note in suit had been transferred by the State Savings Association to some one? A. No.

"30. Did not the defendant, Frank Cipra, understand that, when he made interest payments of coupons to the State Savings Association, they were to be sent by the State Savings Association to the owner and holder of the note in suit? A. No."

All of these findings by the jury are supported by the evidence. The only theory upon which the plaintiff could ask the court to give him judgment upon the special findings of the jury, is that the note in the hands of the plaintiff was negotiable; because the jury do say in their findings that, at the time of the payment of the note, Bunnell & Scranton did not have possession of it or of the mortgage, but that they were in the hands of the plaintiff at all times from the date he bought them until the time he forwarded them to Bunnell & Scranton to be foreclosed. The court properly overruled the motion for judgment on the special findings. There being no error prejudicial to the rights of the plaintiff disclosed by the record, the motion for a new trial was properly overruled.

2. Payment to original payee good defense, when.

As to the fifth assignment of error, we must say that the special findings are not inconsistent with each other and are supported by the evidence. The jury found specifically that Bunnell & Scranton were the agents of the plaintiff Fox in respect to this mortgage and note, and for the collection of money due thereon; and the evidence abundantly warrants that finding, notwithstanding it was not necessary to support the judgment of the court.

As to the sixth assignment of error, the disposition of the preceding ones disposes of it.

Having reached the conclusion, from a careful ex-

amination of the record and of the authorities cited by counsel, that there is no error disclosed by the record which would warrant this court in the reversal of the judgment of the court below, it is affirmed.