Hayter v. Dinsmore.

---

No. 28,013.

R. L. HAYTER, *Appellant,* v. GEORGE T. DINSMORE and B. E. ADAMSON, *Appellees.*

(265 Pac. 1112.)

SYLLABUS BY THE COURT.

1. BILLS AND NOTES—*Nonnegotiable Paper—Notes Issued for Stock.* The provisions of R. S. 17-1219 and 17-1220 render nonnegotiable promissory notes which show upon their face that they were executed for shares in a corporation, association or syndicate or for units in a common law trust.

2. SAME—*Nonnegotiable Paper—Effect of Indorsement.* The effect of an indorsement of a nonnegotiable instrument is to transfer the title. Such an indorsement does not create the statutory contract of an indorser provided by the negotiable instruments law.

Appeal from Rice district court; RAY H. BEALS, judge. Opinion filed April 7, 1928. Affirmed.

*Frank U. Russell,* of Hutchinson, for the appellant.

*Robert Garvin* and *Evart Garvin,* both of St. John, for appellee B. E. Adamson.

The opinion of the court was delivered by

HOPKINS, J.: The question presented here is whether a petition to recover from the indorser of a nonnegotiable promissory note stated a cause of action.  A demurrer to plaintiff's petition was sustained, and plaintiff appeals.

Bills and Notes, 8 C. J. pp. 57 n. 65, 194 n. 60; 42 A. L. R. 1064; 3 R. C. L. 1161.

The petition had attached a copy of the note in question which stated upon its face that it was for 133 shares of the Farmer's Oil, Ice and Supply Company, of Maxwell. It was executed by George T. Dinsmore and payable to Adamson. On the back it was indorsed, "B. E. Adamson, A. W. Smith. Without recourse." The statute provides that—

"It shall be unlawful for any person to take within this state any obligation or promise in writing for which the shares of capital stock of any corporation or the units or shares of any association, syndicate, or common-law trust, or any interest of any kind in any such corporation, association, syndicate or common-law trust, shall form the whole or any part of the consideration, unless, before such obligation or promise in writing is signed by the maker or makers thereof, the person taking or accepting such obligation or promise in writing shall insert in the face thereof above the signature of the maker or makers in plainly legible writing or print the words, 'Given for shares in ——,' 'Given for units in ——,' or 'Given for interest in ——,' whichever designation shall be suitable to indicate clearly the share or interest for which said obligation or promise in writing is given, and the person taking or accepting the same shall insert in the blank, as above indicated, the name of the corporation, association, syndicate or common-law trust, the shares or units of which or interest in which shall form the whole or any part of the consideration as aforesaid." (R. S. 17-1219.)

Also, that—

"Any such obligation or promise in writing with the words as provided in section 1 hereof shall be nonnegotiable and subject to all laws governing non-negotiable commercial paper." (R. S. 17-1220.)

The intent and meaning of the legislature in passing the above statutes is clear. There can be no question but that the intention was to make a note containing the statement that it was given for certain shares of stock in a corporation, nonnegotiable and subject to all laws governing nonnegotiable commercial paper.

The trial court in a written opinion sustaining the demurrer based its ruling on the statutes quoted and the rule enunciated by this court in *Ironworks v. Paddock,* 37 Kan. 510, 15 Pac. 574, holding that if a note is nonnegotiable, its indorsement and delivery have the effect of an assignment only; that such indorsement and delivery only transfers the title of the party, and does not render him liable upon his indorsement as if the note were a negotiable instrument; that such indorsement simply guarantees the note to be genuine and what it purports to be and nothing more. The rule and the liability of an indorser of a nonnegotiable instrument is discussed in 8 C. J. 57, 58, where it is stated that there is much conflict in the

decisions. In *Foley v. Hardy,* 119 Kan. 183, 185, 237 Pac. 925, 42 A. L. R. 1064, this court cited the Paddock case, *supra,* and stated that "if a note is nonnegotiable its indorsement and delivery have the effect of an assignment."

"The effect of the indorsement of a nonnegotiable instrument is to transfer the title—it does not create the statutory contract of an indorser provided by the negotiable instruments law." (*Foley v. Hardy,* 122 Kan. 616, 619, 253 Pac. 238, and cases cited.)

The question needs no further elucidation. The ruling of the trial court was correct.

The judgment is affirmed.